SCOTT E. BRADFORD
United States Attorney
District of Oregon
PETER D. SAX
Peter.Sax@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-cr-00136-AN |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| PATRICK SHARIF PADEN, | |
| Defendant. | Sentencing: April 28, 2026, at 10:00 a.m. |

The government recommends a sentence of twelve months and one day of imprisonment.

## BACKGROUND

On January 11, 2025, Portland police officers responded to a late-night call of shots fired in a residential neighborhood in Northeast Portland.  Arriving officers found shell casings in the street and a Hi-Point pistol in the wheel well of a vehicle parked a block away.

/ / /

/ / /

/ / /

**Government's Sentencing Memorandum**                                    **Page 1**



Officers encountered defendant walking through the neighborhood, a couple of blocks from the intersection where shots had reportedly been fired.  Subsequent DNA testing of the Hi-Point pistol found in the wheel well showed that it had defendant's DNA, to a high degree of mathematical probability.  And the shell casings in the street were the same size and type of ammunition that fit the Hi-Point pistol.  Officers also recovered residential security camera video footage of the shooting incident.  Although the footage was at a distance and of limited resolution, it appeared to show a man wearing defendant's clothing standing in the street (where the shell casings were later recovered) and pointing his arm straight upwards, and then the sound of gunshots—consistent with defendant shooting a gun towards the sky.

**Government's Sentencing Memorandum**                                          **Page 2**

Defendant was arrested and charged in a single-count indictment with being a felon in possession of a firearm.  On September 3, 2025, the government issued a plea letter to defendant.  On November 26, 2025, the Court, acting at defendant's request, scheduled a Change of Plea hearing for January 13, 2026.  On December 27, 2025, defendant absconded from pretrial supervision and was arrested on January 7, 2026.  On January 13, 2026, defendant pleaded guilty to the indictment.  At the time of defendant's plea, the parties executed the plea agreement that the government had extended in September 2025.  Its salient terms are as follows:

- **Base Offense Level**: The parties agree that the applicable base offense level is 14, pursuant to USSG § 2K2.l(a)(4), prior to adjustments.

- **Acceptance of Responsibility**: A two-level downward reduction applies.

- **Sentencing Recommendation**: The government will recommend the low end of the applicable guidelines range.  Defendant may request an additional downward variance.

- **Waiver of Appeal/Post-Conviction Relief**: Defendant agreed to waive appeal and post-conviction relief with the usual exceptions.

The Court ordered a pre-sentence report (PSR) and sentencing is now scheduled for April 28, 2026.

### GOVERNMENT'S SENTENCING RECOMMENDATION

The government agrees with calculations in the PSR both regarding the base offense level and defendant's criminal history calculations (CHC II).   The government notes that the Probation Department calculates defendant's prior conviction for Attempt to Commit Assault II as a qualifying crime of violence.  (PSR ¶ 31).  The government agrees that based on current Ninth Circuit precedent, this determination is correct.  As a result, defendant's base offense level should be level 20.  But when the parties negotiated the resolution of this case, they believed that

this prior felony conviction did not qualify as a crime of violence because it can be committed recklessly.  The parties were mistaken.   The government asks that the Court vary downward to give defendant the equivalent of a base offense level of 14 that was contemplated by the parties when they entered the plea agreement.

The government also agrees with the Probation Department that under the sentencing guidelines, a 2-level obstruction of justice enhancement applies for defendant's abscond of his pretrial supervision between December 27, 2025, and January 7, 2026.   (PSR ¶¶ 27-28, 35). This enhancement is not addressed in the plea agreement because the plea agreement letter was issued on September 3, 2025, months prior to defendant's abscond.  And the parties proceeded with the Change of Plea hearing as scheduled on January 13, 2026.   At that time, the government did not retract the plea letter it had issued previously.  That plea agreement provides that the government will not seek any upward adjustments or upward variances, except as specified in this agreement.  (Plea Agreement ¶ 13).  Because the executed plea agreement is silent on defendant's abscond, the government does not seek the application of this two-level enhancement here.

Given defendant's offense conduct, the circumstances of this case, and the terms of the executed plea agreement, the government recommends a sentence of twelve months and one day of imprisonment as an appropriate sentence.

Dated this 23rd day of April 2026.

Respectfully submitted,
SCOTT E. BRADFORD
United States Attorney

/s/ Peter Sax
PETER D. SAX
Assistant United States Attorney

**Government's Sentencing Memorandum**                                        **Page 4**